-PS/CD-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



MAURICE OLIVER WALKER,
a Sovereign & Public Minister,

        Petitioner,

-v-

MICHAEL SHEHAN, Superintendent of Five Points
Correctional Facility,

        Respondent.

DECISION AND ORDER
14-CV-6013G

Petitioner has submitted a petition seeking a "Writ of Habeas Corpus" (Docket No. 1) with no fee or request for waiver of a fee. The papers have been reviewed by the Court.

The papers submitted appear to seek relief with regards to three convictions, in Albany, Richmond County and Queens (Page 2 of Affidavit in Support of Writ of Habeas Corpus), but information as to the nature of the convictions or when they took place is missing. This case appears to be duplicative of 13-CV-6601G, which was dismissed as factually frivolous because, though styled as papers related to habeas corpus, it sought no relief contemplated by any habeas corpus statute. That action, as is this, was written using the language associated with "Sovereign Citizen" filings. This action seeks release from imprisonment for convictions from three State Court convictions. Petitioner appears to argue that he is not the person convicted, stating that he is "NOT THE PERSON I.E. ALL CAPITAL LETTERS NAME MAURICE WALKER O., NOR 99A5351".... The Court notes that 99A5351 is, nevertheless, the New York State Department of Corrections and Community Services prisoner number petitioner indicated on the return address of the

envelope in which these papers were mailed from the Five Point's Correctional Facility.

The Court is tempted to dismiss this action as factually frivolous, and an abuse of the writ of habeas corpus. Certainly, any action that distracts a Court from legitimate petitions that might entitle a filer to relief from illegal detention is an abuse. However, the Court is mindful that a litigant has only one limited opportunity to challenge a conviction under 28 U.S.C. § 2254, and that any further petitions challenging a conviction must be dismissed by a District Court as second or successive petitions. 28 U.S.C. § 2244. Therefore, should petitioner be seeking legitimate review of illegal convictions, he must know the following: 1) Pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, a "petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court" 2) 28 U.S.C. § 2244(d)(1) provides that there is a 1-year period of limitation that applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgement of a State court, and 3) 28 U.S.C. § 2254 requires a petitioner for habeas corpus relief to first exhaust his state court remedies. In order to properly exhaust state court remedies, a petitioner must fairly present his claims to the state's highest court. *O'Sullivan v. Boerckei,* 526 U.S. 838, 839-40 (1999); *e.g., Jordan v. LeFevre,* 206 F.3d 196, 198 (2d Cir.2000). A petitioner may exhaust his state court remedies by pursuing his claims throughout a full round of state post-conviction proceedings. *Castille v. Peoples,* 489 U.S. 346, 350-51 (1989).

In addition, it is this Court's practice to transfer habeas petitions to the District Court in which the conviction took place, because that is where the records related to the conviction are situated. Therefore, should petitioner seek to challenge a conviction, he

may wish to file a petition directly in the District Court where the conviction took place. In the case of an Albany County conviction that would be the Northern District of New York. The Eastern District of New York would be the appropriate District for a conviction from Queens or Richmond County.

It appears from the face of the petition that the petition must be dismissed because 1) it seeks to challenge more than one conviction in one petition, 2) it appears to be beyond the one-year statute of limitations to bring a petition[1], and 3) petitioner has failed to show that he has exhausted his state court remedies with respect to the claims raised in the petition. However, the United States Court of Appeals for the Second Circuit has held that a federal district court should not *sua sponte* dismiss a federal habeas claim without first providing the petitioner notice and opportunity to be heard. *E.g., Acosta v. Artuz*, 221 F.3d 117, 121-24 (2d Cir.2000) (courts may not *sua sponte* raise nonjurisdictional defenses without affording inmate "notice and an opportunity to be heard" relative to the proposed dismissal). Accordingly, should petitioner seek to file a non-frivolous petition, he is directed to submit an amended petition or petitions, on the forms provided by the Court for challenging a State court conviction, with only one conviction challenged in each petition, within **thirty (30) days** from the date of this Order.

Petitioner must complete this Court's form petition for challenges to state custody pursuant to 28 U.S.C. § 2254 and include information concerning the conviction he

---

[1] Petitioner is advised that the applicable limitations period is tolled only "during the time in which a properly filed application for State post-conviction or other collateral review . . . is pending. . . ." 28 U.S.C. § 2244(d)(2) (emphasis supplied). The pendency of the instant application for a writ of habeas corpus is a Federal request for collateral review and does not serve to toll the statute of limitations under § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that the tolling mandated by § 2244(d)(2) applies only to State, and not to federal, petitions for collateral relief); *accord Rodriguez v. Bennett*, 303 F.3d 435, 438 (2d Cir. 2002). In other words, if not already expired, the one-year statute of limitations contained in § 2244(d)(1) has continued to run while the present habeas petition is pending in this Court.

seeks to challenge (such as the name of the state court, the date of conviction and sentence, a description of the crimes, his plea, etc.), what steps he has taken to challenge the conviction in the state courts, and the federal constitutional grounds for challenging the conviction. The petition must be titled "AMENDED PETITION" and must include the docket number No. 14-CV-6013G. Petitioner is reminded that he must file a new and separate petition if he seeks to challenge more than one conviction, as discussed above. A fee of $5.00 or a properly completed application for poor person status must be submitted with each petition.

**Petitioner is advised that his failure to comply with this Order as directed will result in the automatic dismissal of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court without further order or notice to petitioner.** If petitioner does not comply with this Order within **30 days** from the date of this Order, the Clerk of the Court is directed to dismiss the petition without prejudice. Such dismissal shall not constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b).

The Clerk of Court is directed to send a copy of this Order along with three form petitions under 28 U.S.C. § 2254, along with three applications to proceed *in forma pauperis*, to petitioner and to note such service on the docket.

SO ORDERED.

Dated:    JAN. 17   , 2014
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge